UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05-CV-282-H

ALFREDO HERNANDEZ                                                                  PETITIONER

v.

IMMIGRATION AND CUSTOMS ENFORCEMENT                              RESPONDENT

### MEMORANDUM OPINION

Petitioner, Alfredo Hernandez, *pro se*, seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, on the ground that he is being held in violation of federal law on an immigration detainer, following a state conviction on unspecified trafficking charges. This matter is before the Court for preliminary review, pursuant to Rule 4 of the Rules Governing [Habeas Corpus] Cases in the United States District Courts. 28 U.S.C. following § 2254. The Court will order Petitioner to show cause why it should not dismiss the petition for want of subject matter jurisdiction, under 8 U.S.C. § 1252.

### I.

Petitioner is a state inmate, serving a fourteen-year sentence on a two-count, felony conviction, "Trafficking I," dated February 4, 2003.[1] (Pet. at 2.) Petitioner alleges Respondent, Immigration and Customs Enforcement, "has lodged a detainer against ... Petitioner for his removal to the Country of Mexico." (Pet. at 1.) He challenges the removal on grounds that he is not a deportable alien but a naturalized citizen of the United States since 1980; that his conviction involves no crime of moral turpitude; and that removal would violate his rights

---

[1] It is not clear whether the trafficking offenses involve controlled substances. Attached to the petition is a two-page document titled, "Kentucky Corrections Resident Record Card." This document states Oct. 19, 1994 as "date crime committed." The minimum expiration date of Petitioner's sentence is listed as June 30, 2012. This record also designates Petitioner as a Mexican National.

guaranteed under the Ex Post Facto Clause of the Federal Constitution.

## II.

Before reaching the merits of the habeas petition, the Court must first address its jurisdiction over the subject matter.

### A. Prior Law: Judicial Review of Immigration Decisions

Historically, aliens have sought judicial review of deportation or removal orders by petitioning federal district courts for a writ of habeas corpus, pursuant to § 2241, or since legislation enacted in 1952, by seeking direct review, that is, "full, nonhabeas review"in the federal courts of appeals.  *See I.N.S. v. St. Cyr*, 533 U.S. 289, 306, 312-13 (2001); *see also Ramani v. Ashcroft*, 378 F.3d 554 (6th Cir. 2004).  In *St. Cyr*, the Supreme Court rejected the INS's argument that amendments in 1996 to the immigration statutes eliminated habeas corpus review, leaving direct review in the circuit courts of appeals as the only venue in which to challenge executive removal orders.  *Id.*[2]  The Court reasoned that the statutory language lacked "clarity to bar jurisdiction pursuant to the general habeas statute" because it "neither explicitly mentions habeas, or 28 U.S.C. § 2241."  *Id.* at 312-13 (footnotes omitted.).

### B. Real ID Act of 2005

This is the Court's first occasion to consider whether a recent amendment (effective May 11, 2005) to immigration statutes eliminates the writ of habeas corpus in the federal district courts as a remedy for an alien subject to removal proceedings.

---

[2] The INS argued Congress clearly expressed its intent to bar petitions under § 2241 in four provisions: § 401(e) of the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, codified in 8 U.S.C. § 1105a(a); and §§ 1252(a)(1) and (a)(2)(C), and § 1252(b)(9), of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 110 Stat. 3009-546, codified in 8 U.S.C. § 1252.  These provisions amended the Immigration and Nationality Act, 66 Stat. 163, 8 U.S.C. § 1101, *et seq*.  *See St. Syr*, 533 U.S. at 292, 308 fn. 31, 311-12.

Congress recently addressed judicial review of removal orders in its "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005," codified in part in 8 U.S.C. § 1252, effective May 11, 2005. *See* Pub. L. 109-13, Div. B., Title I, § 101(e), (f), 106(a), 119 Stat. 305, 310. The portion of this legislation amending immigration law is known as the "Real ID Act of 2005." 8 U.S.C. § 1101 (2005).

This legislation vests the federal court of appeals with exclusive jurisdiction to review a final order of removal. § 1252(a)(1) ("Judicial review of a final order of removal ... is governed only by chapter 158 of Title 28 [28 U.S.C. § 2341 through § 2351 (2005)] ... .").[3]

This statute, § 1252, then delineates "Matters not subject to judicial review," including orders against criminal aliens.

Section 1252(a)(2)(C) states:

(C) Orders against criminal aliens

*Notwithstanding* any other provision of law (statutory or nonstatutory), including *section 2241 of Title 28, or any other habeas corpus provision*, and section 1361 and 1651 of such title, and *except as provided in subparagraph (D), no court shall have jurisdiction* to review any final order of removal against an alien who is removable by reason of having committed a criminal offense ... covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title. (Emphasis added.)

Subparagraph (D) reserves judicial review "upon a petition for review filed with an appropriate court of appeals in accordance with this section [1252]." § 1252(a)(2)(D).

Subparagraph (C) explicitly addresses the type of removal at issue here. Petitioner disputes whether immigration authorities properly characterize his conviction as "a crime

---

[3] Chapter 158, captioned, "Orders of Federal Agencies; Review," grants the federal court of appeals exclusive jurisdiction to review the orders of certain, enumerated agencies. 28 U.S.C. §§ 2341, 2342.

3

involving moral turpitude." Although the petition does not include a copy of the detainer or removal order, the allegations in the petition supply enough information to deduce that Petitioner presents a claim that falls precisely within the ambit of § 1252's jurisdictional bar.

Section 1227 generally designates certain classes of aliens as deportable, specifically aliens already admitted into the United States who commit certain criminal offenses. § 1227(a)(2). Section 1227(a)(2)(A)(ii) states:

(ii)  Multiple criminal convictions

Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable.

The jurisdictional statute, § 1252, eliminates § 1227's requirement in subparagraph (ii) that multiple convictions arise from multiple incidents if "both predicate offenses are, *without regard to their date of commission*, otherwise covered by section 1227(a)(2)(A)(i) of this title." § 1252(a)(2)(C) (emphasis added). Subparagraph (i) prescribes grounds for deporting any alien, who is convicted of a crime involving moral turpitude committed within five years, or in some cases 10 years, after the date of admission, and is convicted of a crime that carries a sentence of one year or more. § 1227(a)(2)(A)(i).

In short, aliens who have multiple convictions for crimes involving moral turpitude are deportable, and petitions challenging such grounds lie outside the habeas corpus jurisdiction (28 U.S.C. § 2241) of the federal district courts. Such claims are subject to judicial review only upon a petition to the appropriate federal court of appeals.

The proposition that Petitioner may seek review only in the federal court of appeals finds

further support in the following, known as the "zipper" provision:

> *Notwithstanding* any other provision of the law (statutory or nonstatutory), including *section 2241 of Title 28, or any other habeas corpus provision*, ... a petition for review filed with *an appropriate court of appeals* in accordance with this section *shall be the sole and exclusive means for judicial review* of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. (Emphasis added.)

§ 1252(a)(5); *see also St. Cyr*, 533 U.S. at 313 (Stating the purpose of the "zipper clause" is to consolidate "judicial review" of immigration proceedings into one action in the court of appeals).

Subsection (e), in turn, permits judicial review in habeas corpus proceedings of any determination made under 8 U.S.C. § 1225(b)(1). Section 1225(b)(1) addresses procedures for arriving aliens, including stowaways, who upon inspection are determined to be illegal entrants, immigration violators, or persons without proper documentation, under 8 U.S.C. § 1182(a)(6) or (7), and who seek asylum. § 1225(b)(1)(A)(i) and (ii).

The exception for habeas corpus proceedings in a § 1225 case of removal is, therefore, inapplicable here because Petitioner's circumstances are not of an arriving alien, but for criminal conduct following admission, i.e., a two-count conviction for alleged crimes involving moral turpitude – a basis for removal set forth in 8 U.S.C. § 1227.

The Real ID Act of 2005 clearly vests the federal court of appeals with exclusive jurisdiction to review immigration removal orders and eliminates this Court's jurisdiction, under the general habeas statute, § 2241, to review Petitioner's claims.

## C.  Conclusion

Petitioner's sole and exclusive means of judicial review, therefore, rests in the federal courts of appeals.  Section 1252 details the requirements for seeking judicial review of a removal

order, including, a 30-day filing deadline from a final order, § 1252(b)(1); venue in the judicial circuit in which the immigration judge completed the proceedings, § 1252(b)(2); respondent being the United States Attorney General, § 1252(b)(3); attaching a copy of the order, § 1252(c); and exhaustion of available administrative remedies, § 1252(d).

Because the removal order is absent from the record here, the Court cannot determine which judicial circuit of the federal court of appeals would have jurisdiction and, thus, cannot transfer the petition under 28 U.S.C. § 1631 to cure this Court's want of jurisdiction. Therefore, the Court will enter a show cause order.

### III.

Even if this Court retained general habeas jurisdiction under the Real ID Act of 2005, judicial review would be premature under the doctrine of exhaustion of administrative remedies. It is not clear whether Petitioner challenges a final removal order. Rather, it appears Petitioner has received notice only that removal proceedings have been initiated. That said, the petition includes no allegations showing exhaustion of the immigration proceedings.

Section 1252(d) states that a court may review a final order of removal only if the alien has exhausted all administrative remedies available. This statutory requirement applies with equal force to habeas review of immigration orders. *Sayyah v. Farquharson*, 382 F.3d 20 (1st Cir. 2004); *Theodoropoulos v. I.N.S.*, 358 F.3d 162 (2nd Cir. 2004) (citing *Kurfees v. I.N.S.,* 275 F.3d 332 (4th Cir. 2001)); *Duvall v. Elwood*, 336 F.3d 228 (3rd Cir. 2003); *Sun v. Ashcroft*, 340 F.3d 932 (9th Cir. 2004); *Sundar v. I.N.S.*, 328 F.3d 1320 (11th Cir. 2003).

Because Petitioner fails to show exhaustion of his administrative remedies, the petition prematurely seeks habeas review.

The Court will enter an Order consistent with this Memorandum Opinion.

Dated:

cc: Petitioner, *pro se*

4412.007